Opinion of the court, by
Judge Hitchcock:
The declaration in the present case contains several counts, and for a supposed defect in the first, it is moved to arrest the judgment. Where there is a general verdict for *the plaintiff upon a declaration containing several counts, and one of the counts is defective, the judgment will be arrested. It is mot, however, for every defect that such consequences shall follow. Mere formal defects are cured by verdict. Such ■ defects, too, as arise from the manner in which the title of the plaintiff is set forth, are cured by the verdict, provided sufficient appears to satisfy the court that tbe plaintiff had good cause of action. If however, it appears that.the plaintiff has no cause of action, or, in other words, that the title itself upon which he claims to recover is defective, such defect is not. cured by verdict. After a jury have passed upon a case, everything is to be presumed which consistently can be presumed to sustain their verdict.
The first count of the plaintiff’s declaration sets out that defend *192 ¡mis received of the plaintiff a specific sum of money which they promised to pay, etc. It is defective in this particular, that it does not state that the money was received to the plaintiff’s use. Had the declaration contained but a single count for money had and received by the defendants, to the use of the plaintiff, the receipt which is referred to in the present case would have been good evidence under such declaration to authorize the plaintiff to recover. It is manifest, then, that the count objected to sets out a good title, although it is done defectively. Aftdr verdict the court must presume that it was proven on the trial that the monej was received to the use of the plaintiff, otherwise the jury would not have found as they have done. The omission to state that the money was received to the use of the plaintiff is cured by the verdict. Whatever might have been the opinion of the court upon a demurrer to the declaration, it is now too late to take exception to it.
If the receipt of the money had been accompanied with an express promise to pay, it would have been equivalent to a promissory note. The consideration would have been sufficient to support the promise. After verdict every promise laid in the declaration is to be considered as an express promise. It is too late to say that it is no other promise than such as is implied in law. This case, then, is ^presented to the court as it would have been had there been an express promise to pay. Such promise would have been sufficient consideration to support it, and would be obligatory on the party. For this reason, therefore, the judgment can not be arrested.
Let judgment be entered for the plaintiff.